UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------------------------------X
IN RE:

JOSE ENCARNACION

                              CASE No.: 26-40065

                              CHAPTER 7


*Debtor*.


------------------------------------------------------------------------X

## MOTION SEEKING RELIEF

## FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362

ONSLOW BAY FINANCIAL, successor-in-interest to WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER TRUSTEE OF OBX 2022-NQM9 TRUST ("Secured Creditor") by and through its counsel, hereby moves this Honorable Court for an Order granting Creditor relief from the automatic stay provision of Section 362 of the Bankruptcy Code and avers in support thereof as follows:

### JURISDICTION AND VENUE

1.       The Court has jurisdiction over the subject matter of the instant motion pursuant to 28 U.S.C. §§ 157, §362(d) of Title 11 and 1334. Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### FACTUAL BACKGROUND

2.       On or about January 22, 2026, Jose Encarnacion ("Debtor") filed a Bankruptcy Petition under Chapter 7 of the United States Bankruptcy Code.

3.       Creditor is the holder of a secured claim against the property known as 6 Hancock

1

Street, Worcester, MA 01610 (the "Property").

4. On June 15, 2022, Trinity Estate Investments & Development LLC ("Trinity") executed a note ("Note") between Trinity and Patch Lending, LLC in favor of Patch Lending, LLC in the amount of $162,000.00. A copy of the Note is annexed hereto as **Exhibit A.**

5. Debtor is a Manager of Trinity and the registered agent for Trinity. A copy of the Business Entity Summary for Trinity is annexed hereto as **Exhibit B.** Debtor identifies himself as the "sole member" of Trinity. *See* Dkt. No. 23. Trinity's assets include the Property. *See* Dkt. No. 23.

6. Said Note was repayable as follows: The sum of $162,000.00 on August 1, 2022 with interest continuing to accrue on the unpaid principal balance owing thereunder at a rate of 6.625% per annum. These monthly payments were to continue until the entire principal balance and unpaid interest and fees were repaid in full with a maturity date of July 1, 2052.

7. On June 15, 2022, to secure the Note, Trinity executed a Mortgage and the Mortgage was recorded on June 16, 2022 in Book 67760, Page 370 of the Worcester County land Records (the "Mortgage"). A copy of the Mortgage is annexed hereto as **Exhibit C.**

8. On June 14, 2024, MERS as Nominee for Patch Lending, LLC assigned the Mortgage to OBX 2022-NQM9 Trust c/o Wilmington Savings Fund Society, FSB. A true and correct copy of the assignment of mortgage is annexed hereto as **Exhibit D.** The assignment of mortgage was recorded on June 21, 2024.

9. Trinity's Loan has been in default since August 2, 2024.

10. Trinity breached its obligations with Creditor under the terms of the Note and Mortgage by failing to tender the monthly installments in accordance with the terms of the Note and Mortgage (see Exhibits A and C).

11.     On September 24, 2024, as a result of this default and Trinity's failure to cure, Creditor served a Notice of Default and Intention to Accelerate on Trinity. A true and correct copy of this notice is attached hereto as **Exhibit E**.

12.     On September 25, 2025, Creditor served Trinity with a Notice of Intent to Pursue Foreclosure and Deficiency After Foreclosure of Mortgage.  A true and correct copy of this notice, with Notice of Sale, is attached hereto as **Exhibit F**.

13.     The notice stated that a publication of the Notice of Sale would be published beginning on October 13, 2025.  *See* **Exhibit F.**

14.     On October 24, 2025, an individual Jessica Reyes Lambert commenced a lawsuit in Worcester Superior Court against Trinity, Debtor and Wilmington Savings Fund Society, FSB, as Owner Trustee of OBX 2022-NQM9 Trust ("Superior Court Action").  A true and correct copy of the Superior Court Action pleadings are attached hereto as **Exhibit G.**  Ms. Lambert's lawsuit alleges fraudulent actions by Trinity and Debtor.

15.     On January 14, 2026, OBX 2022-NQM9 Trust c/o Wilmington Savings Fund Society, FSB assigned the Mortgage to ONSLOW Bay Financial, LLC.  A true and correct copy of the assignment of mortgage is annexed hereto as **Exhibit H.**  The assignment of mortgage was recorded on January 14, 2026.

16.     On March 24, 2026, Debtor filed a motion to convert the case to Chapter 13. *See* Dkt. No. 35. On April 6, 2026, Lambert filed opposition to the motion. *See* Dkt. No. 41.  On May 13, 2026, Debtor withdrew the motion. *See* Dkt. No. 60.

17.     The total amount presently due and owing to Creditor exceeds $195,000.00.  A true and correct copy of a payoff quote is attached hereto as **Exhibit I.**

3

18.     Prior to a November 3, 2025 sale, Lambert filed the Superior Court Action.  The instant bankruptcy has caused a stay of the Superior Court Action and related foreclosure proceedings.

19.     The instant action is nothing more than a dilatory tactic on the part of Trinity.  Relief from the automatic stay is necessary so that the Creditor may proceed with the Foreclosure Action and so that parties can continue to litigate the Superior Court Action.  It does not appear that Debtor filed Schedules timely, requested an extension which is further evidence this bankruptcy is nothing more than a stall tactic.  Good cause pursuant to 11 U.S.C. §362(d) exists to lift the automatic stay because Creditor is not properly secured and this Bankruptcy filing was nothing more than an attempt to stay the Superior Court Action and foreclosure sale.  For the foregoing reasons, and as more fully detailed below, it is respectfully requested that the Court lift the automatic stay so that Creditor may proceed with foreclosure activities and the Superior Court Action may proceed.

## **LEGAL STANDARD**

20.     Section 362(d)(l) of the Bankruptcy Code requires the Court to modify or terminate the automatic stay upon request of a party with a security interest in estate property "for cause, including lack of adequate protection of an interest in property of such party in interest" 11 U.S.C. § 362(d)(1).

21.     The Second Circuit has observed that "[n]either the statute nor the legislative history defines the term 'for cause.'" *In Re Sonnax Industries, Inc*., 907 F.2d 1280, 1285 (2d Cir. 1990). The court identified several factors to be considered in deciding whether cause exists to lift the automatic stay to allow litigation to proceed in another forum, as follows:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for

defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms. *Sonnax*, 907 F.2d at 1286.

22.     Furthermore, Section 362(d)(2) of the Bankruptcy Code provides that the Court shall grant relief from the stay imposed by Section 362(a) if "(A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization." *See* 11 U.S.C. § 362(d)(2)(A)-(B).

23.     If there is a lack of adequate protection, a creditor is entitled to relief from the automatic stay, unless the debtor can propose some form of relief that will preserve the secured creditor's interest in the collateral. *In Re Monroe Park,* 17 B.R. 934, 937 (D.C. Del. 1982). Adequate protection, as derived from the fifth amendment protection of property interest, endeavors to harmonize the debtor's need to reorganize and the creditor's right to its bargained interest in the property of the debtor's estate. *Wright v. Union Central Life Ins. Co.* 311 U.S. 273, 61 S.Ct. 196, (1940), *In Re Jug End in the Berkshires, Inc.,* 46 B.R. 892,899 (Bankr. D. Mass. 1985). The protection must result in the "indubitable equivalent" of such entity's interest in such property. See 11 U.S.C. §361(3).

24.     One of the most significant forms of cause in the foreclosure-delay context is a debtor's bad faith in filing the bankruptcy petition. Bad faith filing constitutes cause for dismissal of a bankruptcy case under § 1307(c). *In re Gonzalez-Ruiz*, 341 B.R. 371 (2006), and similar principles apply when evaluating whether to grant relief from the automatic stay under § 362(d)(1). *In re Santiago*, 671 B.R. 774 (2025).

25. The First Circuit applies a multi-factor, totality-of-the-circumstances test to determine bad faith. As applied in *In re Santiago*, citing *In re White* and *In re Buhl*, factors indicative of a bad faith filing include: (1) the debtor's filing demonstrates an intent to delay or otherwise frustrate the legitimate efforts of secured creditors to pursue their rights; (2) the debtor has filed multiple bankruptcy petitions; and (3) the debtor filed the petition on the eve of a foreclosure. *In re Santiago*, 671 B.R. 774 (B.A.P. 1st Cir. 2025).  In *In re Santiago*, additional factors include serial filing, lack of sufficient income to reorganize, filing to resolve a two-party dispute, escalating mortgage arrears, and filing solely to obtain the benefit of the automatic stay. *In re Santiago*, 671 B.R. 774 (2025). As noted in *In re Santiago*, courts are not limited to post-petition circumstances and may also consider a debtor's pre-petition conduct. *In re Santiago*, 671 B.R. 774 (B.A.P. 1st Cir. 2025).

### RELIEF UNDER 11 U.S.C. §362(d)(1)

26. Creditor is entitled to relief from the automatic stay imposed by 11 U.S.C. § 362 because Debtor's bankruptcy petition clearly manifests that Creditor lacks adequate protection. Moreover, given Debtor's propensity for litigation, it is clear that the instant bankruptcy filing is nothing more than a stall tactic to prevent Creditor from proceeding to a foreclosure sale and from the Superior Court Action proceeding.

27. Trinity remains in default under the provisions of the Note and Mortgage and seeks to obstruct the Creditor's foreclosure proceedings and the Superior Court Action.

28. Creditor's secured claim amounts to more than $195k to date.  The Mortgage has been in default for nearly two years and Debtor is not on the loan documents.  Debtor lists assets of $625,705 and liabilities of $936,933.00. *See* Dkt. No. 22.  Debtor lists his principal residence of 7 Lucian Street, Worcester, MA 01603 as an asset with a value of $581,900.00 but does not list the

Creditor's secured property. *See* Dkt No. 23. The Property is listed on Debtor's Schedule. *See* Dkt. No. 23. Debtor includes liabilities of Trinity's lawsuits in the amount of $720,089. *See* Dkt. No. 23. Debtor also lists Lambert as a creditor for the Property in the amount of $162,894.00. *See* Dkt. No. 23. Debtor fails to list Creditor and its secured claim to the Property. *See* Dkt. No. 23.

29.     Therefore, Creditor's interest is not adequately protected., there are numerous litigations involving Debtor and Trinity along with the noticed foreclosure sale and Superior Court Action. *In re Santiago*, 671 B.R. 774 (B.A.P. 1st Cir. 2025).

30.     Moreover, in "the interests of judicial economy" and so that the Superior Court Action and foreclosure sale can proceed, the Court should lift the stay. *In re Santiago*, 671 B.R. 774 (B.A.P. 1st Cir. 2025).

31.     The Superior Court Action has been pending for 7 months without any appearance in the action by Debtor or Trinity. Likewise, the foreclosure sale was noticed to proceed in November 2025 and is now further delayed due to the instant bankruptcy. Creditor is now delayed from proceeding to sale.

32.     Lifting the stay and allowing the Superior Court Action and foreclosure proceedings to advance will result in a final judgment and a "complete resolution of the issues." *Sonnax*, 907 F.2d at 1286. More, the totality of the circumstances, and intent to delay or frustrate efforts of the Creditor permits this Court to grant Creditor relief from stay. *In re Santiago*, 671 B.R. 774 (B.A.P. 1st Cir. 2025). Without relief from the stay, Creditor would be prejudiced in that it would have to litigate its claims in a second proceeding and continue to pay taxes and insurance on the Property while Debtor and Lambert continue their ongoing disputes in the Superior Court Action.

33.     Creditor should be permitted to proceed with the Superior Court Action and related foreclosure proceedings because the Mortgage has been in default for more than two years. The

7

Debtor has forced Creditor to incur legal fees and continues to delay the foreclosure and Superior Court Action by dilatory tactics.

34.     Accordingly, cause exists for granting movant relief pursuant to 11 U.S.C. §362(d)(1) so that Creditor can pursue its foreclosure action and the Superior Court Action.

**WHEREFORE,** Creditor respectfully requests that the automatic stay imposed by Section 362(a) of the Bankruptcy Code be modified to permit the Superior Court Action and foreclosure proceedings to proceed against Trinity and Debtor for the reasons set forth herein, and for such other and further relief as this Court may deem proper.

Dated: New York, New York
       May 29, 2026

                                        **HOUSER LLP**

                                        /s/ *Jordan W. Schur*
                                        Jordan W. Schur, Esq.
                                        *Counsel for Secured Creditor* ONSLOW
                                        BAY FINANCIAL, successor-in-interest to
                                        WILMINGTON SAVINGS FUND
                                        SOCIETY, FSB, AS OWNER TRUSTEE
                                        OF OBX 2022-NQM9 TRUST
                                        60 East 42nd Street, Suite 2200
                                        New York, New York 10165
                                        Tel: (212) 490-3333
                                        Fax: (949) 990-6004
                                        jschur@houser-law.com