**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

JOSE ENCARNACION,

               Debtor.

Chapter 7
Case No. 26-40065-CJP

**MOTION TO EXTEND DEADLINES TO OBJECT TO (i) DISCHARGE**
**UNDER SECTION 727 AND (ii) DISCHARGABILITY UNDER SECTION 523**

Creditors Eric Nikiza, Herve Manirakiza, Aimé Mugabonihela, Felix Bamboneyeho and

Yoranda Venusto (each a "Creditor and collectively, the "Creditors") of the above-referenced

debtor (the "Debtor") in the above-referenced bankruptcy case, by and through undersigned

counsel, respectfully move the Court to extend the deadlines by which the Creditors may: (i) file

objections to discharge under Section 727 of Title 11 of the United States Code, U.S.C. Sec. 101,

et seq. (the "Bankruptcy Code") and/or; (ii) commence adversary proceedings to determine

dischargability of any of the Creditors' debts under Section 523 of the Bankruptcy Code. In

support of this Motion, the Creditors respectfully state as follows:

1.      On January 22, 2026, certain creditors filed an involuntary chapter 7 petition

against the Debtor.

2.      By order of the Court, the Debtor's 314 Meeting (the "341 Meeting") was

scheduled for May 6, 2026 and the deadline for objecting to discharge was set for July 6, 2026.

3.      On or about March 24, 2026, Jonathan Goldsmith was appointed chapter 7 trustee

(the "Trustee") in this case.

4.      On March 31, 2026, the Debtor filed a motion to convert the case to a voluntary chapter 13 case (the "Motion to Convert". [Dkt. No. 35].[1]

5.      The Creditors each timely filed a proof of claim against the estate.

6.      On May 6, 2026, when it was clear that the Debtor was not prepared for the 314 Meeting, the Trustee continued the meeting to May 12, 2026.

7.      On May 12, 2026, the Debtor failed to appear for the 314 Meeting. The Trustee renewed his request for documents to Debtor's counsel and agreed to share any documents produced with parties in interest who had appeared at the prior 341 Meetings.

8.      The 314 Meeting was then continued again to June 2, 2026.  The Debtor again was unprepared. The Debtor had produced few if any of the documents requested by the Trustee and none had been shared with other parties. The Trustee renewed his request for documents and agreed to share any documents produced with parties in interest who had appeared at the prior 341 Meetings.

9.      The Trustee then continued the 341 Meeting to July 1, 2026. At this further continued 341 Meeting, it was again clear that the Debtor had not fully complied with the Trustee's request for supporting documents and any documents that might have been produced had not been provided to counsel to the Creditors or other counsel. The Creditors understand that the Trustee will once again continue the 341 Meeting.

10.      Given the Debtor's deleterious conduct in the case generally and in connection with the 341 Meetings in particular, it is impossible at this time for the Trustee, the Creditors or any party in interest to assess the veracity or completeness of the Debtor's schedules and

---

[1] On May 13, 2026, the Debtor withdrew the Motion to Convert and chose to proceed as in Chapter 7 case. [Dkt. No. 60].

statement of financial affairs, to determine if the Debtor is entitled to a discharge, and to determine if any of the Creditors' claims should discharged in this case.

11.     Accordingly, the Creditors hereby request that Court extend the deadlines by which the Creditors may file objections to discharge under Section 727 and/or commence adversary proceedings to determine dischargability of any of the Creditors' debts under Section 523 until September 21, 2026.

12.     The Creditors reserve all of their rights with respect to their claims and with respect to seeking dismissal of the Debtor's bankruptcy case.

WHEREFORE, the Creditors respectfully request that Court extend the deadlines for the Creditors to extend the deadlines by which the Creditors may:

(i)     File objections to discharge under Section 727 and/or; commence any adversary proceeding to determine dischargability of any of the Creditors' debts under Section 523 until September 21, 2026; and

(ii)    Grant such further relief as the Court deems just and proper.

Dated: July 3, 2026

ERIC NIKIZA, HERVE MANIRAKIZA, AIMÉ MUGABONIHELA, FELIX BAMBONEYEHO AND YORANDA VENUSTO, by their attorneys,

/s/ Lee Harrington
Lee Harrington (BBO #643932)
ASCENDANT LAW GROUP LLC
2 Dundee Park Drive, Suite 102
Andover, MA  01810
(617) 840-2755
lh@ascendantlawgroup.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 3, 2026 a true and correct copy of the foregoing *Motion to Extend Deadlines* was served through the ECF system on those persons registered to receive notice thereunder.

/s/  Lee Harrington
Lee Harrington