**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **IN RE:** | ) | **Case No. 24-40065** |
| | ) | **Chapter 13** |
| | ) | |
| **JOSE ENCARNACION,** | ) | |
| | ) | |
| **DEBTOR.** | ) | |
| | ) | |

**MOTION TO EXTEND DEADLINES TO OBJECT TO (I) DISCHARGE UNDER SECTION 727; AND (II) DISCHARGEABILITY UNDER 523**

Jessica Reyes Lambert and Dan Lambert (each a "Creditor and collectively, the "Creditors") of the above-referenced debtor (the "Debtor") in the above-referenced bankruptcy case, by and through undersigned counsel, respectfully move the Court to extend the deadlines by which the Creditors may: (i) file objections to discharge under Section 727 of Title 11 of the United States Code, U.S.C. Sec. 101, et seq. (the "Bankruptcy Code") and/or; (ii) commence adversary proceedings to determine dischargability of any of the Creditors' debts under Section 523 of the Bankruptcy Code. In support of this Motion, Mr. and Mrs. Lambert respectfully state as follows respectfully states as follows:

**BACKGROUND**

1. This is not a typical Chapter 7 case, and the Debtor is not an "honest but unfortunate" individual.

2. To the contrary, this *involuntary* Chapter 7 case apparently arises from the Debtor's operation of a pre-bankruptcy Ponzi scheme. Specifically, according to the Massachusetts Secretary of State, the Debtor through his corporation, Trinity Investments, "raised approximately *$10 million* from investors since 2020." The Secretary of State further alleges that the Debtor's solicitation of these funds was in contravention of Massachusetts' securities law.

3. According to the Secretary of State, the Debtor's investors were told that their funds would be used to develop and renovate real estate owned by Trinity. Instead, the Secretary of State alleges that "through out the scheme, Encarnacion [the Debtor] used new investor funds to pay earlier investors [and] pay for personal travel both domestically and internationally, and spent on personal expenses including buying jewelry and attending concerts.

4. Similarly, in October 2025, a few months prior to the commencement of this involuntary case, Ms. Lambert sued the Debtor and Trinity in Worcester Superior Court. In that litigation, Ms. Lambert alleges extensive fraudulent conduct by the Debtor and seeks, among other things, a declaration that she is the "sole true and lawful owner" of real property deeded to Trinity and imposition of a resulting and/or constructive trust on the property

5. On or about March 24,2026, Jonathan Goldsmith was appointed Chapter 7 trustee in this case and a 341 meeting was scheduled for May 6, 2026. Since the first – brief – 341 meeting, the Debtor has refused to produce basic documents such as bank statements, tax returns and other business records necessary to conduct a meaningful examination. In fact, the Debtor at this late date has failed to provide the Trustee with evidence of his social security number. Compounding matters, the Debtor typically participates at his 341 meeting from his truck and does not have access to his own Schedules and Statement of Financial Affairs. As a result, the Debtor's 341 examination has been continued *more than a half a dozen times in this case* and the Trustee's and creditors efforts to examine the Debtor have been largely thwarted. The Debtor's next 341 meeting is currently scheduled for October 2, 2026.

## REQUEST FOR RELIEF

6. Under the circumstances, "cause" exists to extend the deadlines to object to discharge and dischargeability under sections 727 and 523 of the Bankruptcy Code and the Creditors respectfully request the deadlines be extended to December 31, 2026.

WHEREFORE, Mr. and Mrs. Lambert respectfully request that Court extend the deadlines for the Creditors to extend the deadlines by which the Creditors may:

(i) File objections to discharge under Section 727 and/or; commence any adversary proceeding to determine dischargability of any of the Creditors' debts under Section 523 until December 31, 2026; and

(ii) Grant such further relief as the Court deems just and proper.

Dated: September 16, 2026

Respectfully submitted,
**JESSICA REYES LAMBERT**
**DAN LAMBERT**
By their attorney,

/s/ Francis C. Morrissey
Francis C. Morrissey (BBO No. 567589)
Morrissey, Wilson & Zafiropoulos, LLP
45 Braintree Hill Office Park, Suite 304
Braintree, MA 02184
781.353.5501
fcm@mwzllp.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2026 a true and correct copy of the foregoing *Motion to Extend Deadlines* was served through the ECF system on those persons registered to receive notice thereunder.

/s/ Francis C. Morrissey
Francis C. Morrissey